IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANTONIO DEVARGAS, as the Personal Representative
of the Estate of Carmela DeVargas, deceased, and
A.D., by and through his Adoptive Father and
Next Friend Antonio DeVargas,

      Plaintiff,

v.                                                                          1:21-cv-00271-RB-SCY

THE BOARD OF COUNTY COMMISSIONERS
FOR SANTA FE COUNTY and PABLO SEDILLO
III, DEREK WILLIAMS, MELEQUIDES
OLIVARES, LIEUTENANT ROJAS and CAPTAIN
RIOS, in their Individual Capacities,

      Defendants.

## DEFENDANTS' MOTION TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER AND NOTICE OF NON-APPEARANCE

Defendant Melquides Olivares, M.D., by and through his attorneys Conklin, Woodcock & Ziegler, P.C., submit this Motion to Quash Subpoena and for Protective Order pursuant to Fed. R. Civ. P. 26 and 45.  Counsel for the Plaintiff was contacted and opposes this Motion.

### FACTUAL AND LEGAL BACKGROUND

1.  On December 9, 2021, Plaintiff served a Subpoena to the New Mexico Medical Board. (Exhibit 1.)

2.  The subpoena commanded the NMMB to produce (1) any complaint filed by Antonio DeVargas; (2) All investigative material related to those complaints, including but not limited to any investigative materials related to those complaints, and (3), any other complaints made against Melquiades Olivares from January 1, 2012, to December 9, 2021, and all investigative material related to those complaints.

3.      The date for compliance was December 31, 2021, a federal holiday. Fed. R. Civ. P. 6(a)(1)(6)(A).

4.      On December 30, 2021, the NMMB sent a letter to Plaintiff's counsel explaining that the files requested by the subpoena are subject to confidentiality protections by New Mexico and Federal law.  (Exhibit 2, Letter fr. Michael Nunez, Administrative Prosecutor, NMMB, to Richard Rosenstock, dated Dec. 30, 2021.)

5.      The New Mexico statute which gives the NMMB the authority to investigate complaints against licensed physicians provides that all records concerning medical board investigations are confidential:

> All written and oral communications made by any person to the board relating to actual and potential disciplinary action shall be confidential communications and are not public records for the purposes of the Inspection of Public Records Act [Chapter 14, Article 2 NMSA 1978]. **All data, communications and information acquired by the board relating to actual or potential disciplinary action shall not be disclosed except to the extent necessary to carry out the board's purposes or in a judicial appeal from the board's actions.**

NMSA § 61-6-34(B).

## ARGUMENT AND AUTHORITY

**I.      The Court may properly enter an Order quashing a subpoena and entering a Protective Order prohibiting the depositions of opposing counsel upon a showing of good cause.**

Pursuant to Fed. R. Civ. P. 45, "the court…must quash or modify a subpoena that…requires disclosure of privileged or other protected matter, if not exception of waiver applies.  Fed. R. Civ. P. 45(d)(3). Rule 26(c) provides that upon a showing of good cause, a court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c).  The decision to enter a protective order is within the court's discretion. *Thomas v. International Bus. Mach.,* 48 F.3d 478, 482 (10th Cir.1995).  The

party seeking a protective order has the burden to demonstrate good cause. *Sentry Ins. v. Shivers,* 164 F.R.D. 255, 256 (D.Kan.1996); *Velasquez v. Frontier Med. Inc*., 229 F.R.D. 197, 200 (D.N.M. 2005). Good cause is shown through "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981). Additionally, the moving party must show that disclosure will result in a "clearly defined and serious injury to that moving party." *Klesch & Co. Ltd. v. Liberty Media Corp.,* 217 F.R.D. 517, 524 (D.Colo.2003) (citing *Exum v. United States Olympic Committee,* 209 F.R.D. 201, 206 (D.Colo.2002)); and *Pia v. Supernova Media, Inc.*, 275 F.R.D. 559, 560 (D. Utah 2011) (Good cause is established upon a showing of specific prejudice or oppression that will be caused by the discovery).

## II.    Good cause exists to quash the Subpoena Because Disclosure of the Documents Sought is Prohibited by Federal Law.

Rule 45(d)(3)(A)(iii) allows the Court to quash a subpoena that seeks "privileged" and "other protected matter." Fed. R. Civ. P. 45(d)(3)(A)(iii). "[F]ederal courts have recognized that privacy interests and confidentiality concerns can factor into a decision whether to quash a subpoena under Rule 45, even though the information requested by the subpoena is not subject to a federal evidentiary privilege." *Jordan v. Comm'r, Mississippi Dep't of Corr.,* 947 F.3d 1322, 1336–37 (11th Cir.), *citing Alig-Mielcarek v. Jackson*, 286 F.R.D. 521, 526–27 (N.D. Ga. 2012) (quashing a plaintiff's request for nonparty educational records based in part on the privacy rights protected by the Family Educational Rights and Privacy Act of 1974 ("FERPA"), which "does not provide a privilege preventing disclosure of student records, [but nevertheless] seeks to protect the confidentiality of educational records"); *McGehee*, 2018 WL 3996956, at *11 (noting that the Texas statute exempting lethal injection drug supplier information from the requirements of a state Public Information Act "exhibits a democratically manifested intent not to disclose the source of

3

Texas' lethal injection drugs" which, though it does not give rise to a federal evidentiary privilege, should not be ignored). *See also Porter v. Ray*, 461 F.3d 1315, 1324 (11th Cir. 2006) (affirming refusal to allow discovery of state parole records, which are not subject to a federal evidentiary privilege, based in part on confidentiality considerations); *McGoy v. Ray*, 164 F. App'x 876, 878 (11th Cir. 2006) (holding that the district court did not abuse its discretion when it found that the facts asserted by the plaintiff were insufficient to compel discovery of confidential parole records, which were designated a confidential state secret by state statute). In *Jordan*, the court examined whether a state statute that protected information could be the basis for quashing a subpoena. "When a citizen is assured via a state statute that his identity will be protected if, at some great physical and economic risk to himself, he provides a service to the state, that promise should not be lightly discarded." *Id.* at 1337.

Here too, state law prohibits disclosure of NMMB investigative files except under limited circumstances not present here. As stated by the NMMB, the New Mexico

> legislature recognized that a degree of protection and confidentiality was needed to foster candor and objectivity in the critical evaluation of medical professionals by investigator expert witnesses. Thus, the legislature included provisions in the New Mexico Medical Board Practice Act, Section 61-6-34 for confidentiality of statements made to the Board the documents held by the Board[.]

The subpoena therefore seeks documents that are protected from disclosure by state law and by that statute, a promise to Dr. Olivares that the investigative file will not be disclosed. Therefore, the subpoena should be quashed.

WHEREFORE, Defendant Olivares respectfully requests an Order quashing the Subpoena to the NMMB, and for such other and further relief as the Court deems just.

Respectfully submitted,

CONKLIN, WOODCOCK & ZIEGLER, P.C.

By: */s/ Christa M. Hazlett*
   Christa M. Hazlett
   Alisa Wigley-DeLara
   320 Gold Ave SW, Suite 800
   Albuquerque, NM  87102
   Telephone:  (505) 224-9160
   cmh@conklinfirm.com
   *Attorney for Defendants County of Santa Fe*
   *and Olivares*

LAW OFFICE OF JONLYN M. MARTINEZ, LLC

By:  */s/ Jonlyn M. Martinez*
   JONLYN M. MARTINEZ
   P.O. Box 1805
   Albuquerque, NM  87103-1805
   (505) 247-9488
   jonlyn@jmartinezlaw.net
   *Attorneys for Defendants County of Santa*
   *Fe, Sedillo, Williams, Olivares, Rios and*
   *Rojas*

I hereby certify that on the 4th day of January, 2022, I filed the foregoing electronically through the CM/ECF System which caused all parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

*/s/ Christa M. Hazlett*
Christa M. Hazlett