December 30, 2021

Dear Mr. Rosenstock,

The New Mexico Medical Board ("Board") is in receipt of your subpoena dated 12/9/21, and requesting the production or inspection of the following:

1. Any Complaint filed by Antonio DeVargas;
2. All investigative materials related to those complaints, including but not limited to any complaint filed by Antonio Devargas concerning his daughter Carmela Devargas, and all investigative materials relating to those complaints, and
3. Any and all other complaints made against Melquiades Olivares from January 1, 2012, through December 9, 2021, and all investigative materials relating to those complaints.

The documents you are requesting above- complaints submitted to the Board as well as investigative materials relating to complaints filed are subject to confidentiality protections by New Mexico state law and Federal Law. Therefore, we cannot lawfully comply with this subpoena for these requested documents.

The investigative, legal, and disciplinary files maintained by the Board regarding all licensees and applicants are confidential by State statutes and Board Regulations.

The Board is charged, pursuant to the Medical Practice Act, with protection the public health, safety and welfare from the improper, unprofessional, incompetent and unlawful practice of medicine in New Mexico. Section 61-6-1(B) NMSA. In assigning these responsibilities to the Board, the legislature recognized that a degree of protection and confidentiality was needed to foster candor and objectivity in the critical evaluation of medical professionals by investigator and expert witnesses. Thus, the legislature included provisions in the New Mexico Medical Practice Act, Section 61-6-34 NMSA for confidentiality of statements made to the Board, and documents held by the Board, and for civil and criminal immunity for those who may provide the Board with the information.

A. No current or former member of the board, officer, administrator, staff member, committee member, examiner, representative, agent, employee, consultant, witness or any other person serving or having served the board shall bear liability or be subject to civil damages or criminal prosecutions for any action or omission undertaken or performed within the scope of the board's duties.

B. All written and oral communications made by any person to the board relating to actual and potential disciplinary action shall be confidential communications and are not public records for the purposes of the Inspection of Public Records Act. All data, communications and information acquired by the board relating to actual or potential

***EXHIBIT 2***

disciplinary action shall not be disclosed except to the extent necessary to carry out the board's purposes or in a judicial appeal from the board's actions.

C. No person or legal entity providing information to the board, whether as a report, a complaint or testimony, shall be subject to civil damages or criminal prosecutions.

61-6-34 NMSA.

The Board's own regulations similarly state that complaints, investigative reports, and legal opinions are confidential and shall not be disclosed. See 16.10.1.9(D) NMAC. See also 16.10.9.9 NMAC ("Complaint Record") and 16.10.10.12 NMAC (Confidential Communications citing Federal Law, 42 US.C. 11131-11152).

Other state statutes also command those documents containing health information shall be deemed "strictly confidential" by state government authorities to prevent their disclosure. See 14-6-1 (A) NMSA which states in relevant part:

A. All health information that relates to and identifies specific individuals as patients is strictly confidential and shall not be a matter of public record or accessible to the public even though the information is in the custody of or contained in the records of a governmental agency or its agent, a state educational institution, a duly organized state or county association of licensed physicians or dentists, a licensed health facility or staff committees of such facilities.

The Review Organization Immunity Act, Section 41-9-5 (B) NMSA, also provides:

B. Information, documents or records that were not generated exclusively for, but were presented during, proceedings of a review organization shall be produced to the New Mexico medical board by the review organization or any other person possessing the information, documents or records in response to an investigative subpoena issued pursuant to Section 61-6-23 NMSA 1978 and shall be held in confidence by the New Mexico medical board pursuant to 61-6-34 NMSA 1978.

The subpoena to the Board seeks information that would fall within the scope of these statutes.

Additionally, the following state and federal laws also protect confidentiality of the records sought:

New Mexico Law: Section 14-2-6(G)(2018), Section 14-2-1(H)(2019), Section 43-1B-1 (2016); NMSA 1978, Section 43-1-19 (2019); NMSA 1978, Section 41-9-5 (2011); NMSA 1978, and Section 43-2-11 (2005); NMSA 1978)

Federal Law: 42 U.S.C. Section 290dd-2, 42 C.F.R. Section 2.20, 42 C.F.R. Sections 2.1 to 2.67, and Title II of the Health Insurance Portability and Accountability Act of 1996.

***EXHIBIT 2***

Based upon these afore-mentioned state and federal laws that are clearly aimed at protection Board documents from discovery the Board may not and will not comply with this subpoena.

If the Board needs to prepare and file a motion to quash the subpoena, please notify the Board's Prosecutor and such a motion shall be filed.

Sincerely,

Michael A. Nunez
Administrative Prosecutor
New Mexico Medical Board

*EXHIBIT 2*