IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANTONIO DEVARGAS, as the Personal Representative
of the Estate of Carmela DeVargas, deceased, and
A.D., by and through his Adoptive Father and
Next Friend Antonio DeVargas,

    Plaintiff,

v.                                                1:21-cv-00271-RB-SCY

THE BOARD OF COUNTY COMMISSIONERS
FOR SANTA FE COUNTY and PABLO SEDILLO
III, DEREK WILLIAMS, MELQUIADES
OLIVARES, LIEUTENANT ROJAS and CAPTAIN
RIOS, in their Individual Capacities,

    Defendants.

**STIPULATED PROTECTIVE ORDER RELATING TO THE
DISCLOSURE OF CONFIDENTIAL INFORMATION**

Upon the stipulation of the parties and pursuant to Rule 26 of the Federal Rules of Civil Procedure, it is hereby ordered, as follows:

A.    That in the course of discovery in the above-referenced case, the parties may produce information and documents that they believe are confidential under state or federal law or otherwise contain personal information that they believe is private and confidential.

B    The parties wish to ensure that the disclosure of such information through discovery in this action will not lead to its dissemination beyond the scope necessary for litigation of this action and the Court finds that good cause exists to protect such information against such disclosures or dissemination.

**IT IS THEREFORE ORDERED:**

1.    That good cause exists for the entry of this Order, and the process set forth below in this Stipulation and Order shall apply to all information, documents and things subject to disclosure or discovery under the Rules of Civil Procedure from any party to this action, including,

1

without limitation testimony adduced at depositions upon oral examination or upon written questions pursuant to Rules 30 and 31, answers to interrogatories pursuant to Rule 33, documents and tangible things produced pursuant to Rule 34, and answers to requests for admission pursuant to Rule 36.

2. That a party producing information, documents or things in discovery, which it believes in good faith to be confidential as described in Paragraph A herein ("Confidential Information"), may designate the same as "CONFIDENTIAL" by so marking any such documents or by otherwise indicating in writing that the information is Confidential Information. Any such designation shall be made (1) at the time that answers to interrogatories or answers to requests for admissions are served; or (2) within thirty (30) days of the entry of this order if the information has already been produced; or (3) or at the time, following inspection, that tangible things or copies of documents are furnished to a party conducting such discovery; and (4) in the case of a deposition transcript, a party claiming that information contained therein is confidential shall advise opposing counsel in writing of the specific pages of the deposition to be treated as "CONFIDENTIAL" within thirty (30) days after receipt of the transcript of the deposition.

3. Any document previously produced by a party during the course of discovery, which the party later informs the other party is Confidential as contemplated by this Order, and which is not so stamped, shall be treated by the parties as if it is confidential notwithstanding the lack of a stamp.

4. The inadvertent, unintentional, or *in camera* disclosure of Confidential Information that is not marked as such shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of privilege or confidentiality. The producing party shall provide substitute documents bearing the proper designation at the same time it informs the other party that the documents should be treated as confidential.

5. Confidential Information may only be disclosed to

    (i)  An attorney retained by a party or employed full time by a party, who is actively engaged in the conduct of the above captioned case.

    (ii)  A member of the paralegal, secretary, and clerical staff (including court reporters) assisting an attorney qualified as a recipient pursuant to subparagraph (i), above, including law clerks and associates, to the extent reasonably necessary to render professional services in the above referenced case.

    (iii)  A party or employee whose duties include assisting the party in connection with litigation between the parties.

    (iv)  A consultant or expert employed by an attorney who is qualified as a recipient pursuant to subparagraph (i), above, in connection with this litigation between the parties; provided, however, that before Confidential Information is disclosed to any such consultant or expert, said attorneys shall secure from the consultant or expert an acknowledgment that the consultant or expert has read and agrees to abide by the terms of this Order.

    (v)  Employees of copying or scanning services utilized with respect to the prosecution or defense of litigation between the parties.

    (vi)  Third party contractors and their employees in the above referenced case who will be involved in organizing, filing, storing or retrieving data or designated programs for handling data in connection with the above referenced case, including the performance of such duties in relation to a manual or computerized litigation support system.

    (vii)  Witnesses or potential witnesses in the above referenced case to the extent reasonably necessary in preparing to testify or testifying; provided, however, that before Confidential Information is disclosed to any such witness or potential witness, the disclosing attorneys shall secure from the witness or potential witness an acknowledgment that he or she has read and agrees to abide by the terms of this Order.

    (viii)  This Order does not extend to and is not binding on Court personnel and

jurors.

        (ix)    Use of working copies, as described below in paragraph 6, is also permitted for the purposes set forth in paragraph 6, subject to all other terms, conditions and limitations of this Order.

    6.    Confidential Information shall be held in confidence by each person to whom it is disclosed pursuant to this Order, to be used only for purposes of this litigation, and shall not be used in or for any other litigation, or for any other purposes, and shall not be disclosed to anyone not entitled to receive such information under Paragraph 5, above.  Before disclosing any of the confidential documents to any person specified in Paragraph 5, the discovering counsel will advise those persons that the documents shall not be disclosed to any person except in accordance with the terms, conditions and restrictions of this Order, and that any such document must be returned to the discovering attorney no later than the time this litigation ends.  Counsel will also provide a copy of this Order.

    7.    It shall be the responsibility of the attorneys retained by the parties to employ reasonable measures to control, consistent with this Order, duplication of, access to, distribution of copied discovery material requiring confidential treatment.  This Order shall not limit or affect a producing party's right to disclose documents or other discovery materials produced by that party, to the extent otherwise permitted by law.

    8.    Nothing contained in the provisions of this Order shall be deemed to preclude any party at any time from raising any other objection to production or from seeking and obtaining from the Court on an appropriate showing, additional protection pursuant to Rule 26, including an Order that the material should not be produced at all.

    9.    Nothing contained in the provisions of this Order shall be deemed to preclude a party from objecting to the other party's designation of a document(s) as confidential within thirty days of the designation.  If there is a timely objection, the producing party will have thirty days to

file a motion for protective order which will be resolved in the manner provided by Rule 26. Absent the timely filing of such a motion, the information shall not be treated as confidential under this order. If the party requesting production does not object in writing within thirty days to the designation of any records produced as confidential, such records will be treated as confidential.

10. Nothing contained in the provisions of this Order nor a party's production of documents shall be deemed a waiver of any discovery or evidentiary objection, or any claim of privilege which might attach to such documents or to any other documents in this or any other litigation or in any other context.

11. In the event a party seeks to file any document containing Confidential Information subject to protection under this Order with the Court, that party must take appropriate action to insure that the document receives proper protection from public disclosure, including: (a) filing a redacted document that excises or obscures the confidential information; (b) where appropriate and as permitted by Court Order (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or, (c) filing the document or portions thereof under seal. If the party filing the document containing confidential information is the designating party and the document has not previously been produced in discovery, the designating party shall file a motion for leave to file under seal and include a declaration identifying the confidential information contained in the document and explaining why the document is sealable.

12. The terms of this protective order do not preclude, limit, restrict, or otherwise apply to the use of documents at court proceedings. Subject to the Federal Rules of Evidence, an unredacted confidential document may be offered into evidence at trial or any court hearing, provided that the proponent of the evidence gives advance notice to opposing counsel of the intended use of the confidential document as may be required by a scheduling or other order. Any party may move the Court for an order that the confidential document be received in camera or under other conditions to prevent unnecessary disclosure or designated as not confidential. The

Court will then determine whether the proffered evidence should continue to be treated as a confidential document and, if so, what protection(s) may be afforded to such information at the trial or hearing.

13. The provisions of this Order shall not terminate at the conclusion of this action. Within thirty (30) days of final termination of this action, including the exhaustion of all appeals, all persons receiving and possessing Confidential Information shall return all copies of such information to the attorneys for the producing party or destroy all copies and certify via writing that all such information has been returned or destroyed.

Dated this 15th day of February, 2022.

_____
STEVEN C. YARBROUGH
MAGISTRATE COURT JUDGE

AGREED TO:

/s/ *DANIEL YOHALEM*
Daniel Yohalem
1121 Paseo de Peralta
Santa Fe, NM  87501
505-983-9433     Fax: 505-989-4844
**During Covid: 505-690-2193**
daniel.yohalem@gmail.com

Richard Rosenstock
1121 Paseo de Peralta
Santa Fe, NM 87501
(505) 988-5324 Fax:(505) 989-4844
richard.rosenstock@gmail.com

Katherine Murray
P.O. Box 5266
Santa Fe, NM  87502
kemurraylaw@gmail.com
505-670-3940

*Attorneys for Plaintiffs*


CONKLIN, WOODCOCK & ZIEGLER, P.C.

By: */s/ Christa M. Hazlett*
Christa M. Hazlett
Alisa Wigley-DeLara
320 Gold Ave SW, Suite 800
Albuquerque, NM 87102
Telephone: (505) 224-9160
cmh@conklinfirm.com

*Attorney for Defendants County of Santa Fe and Olivares*


LAW OFFICE OF JONLYN M. MARTINEZ, LLC

By: */s/ Jonlyn M. Martinez*
JONLYN M. MARTINEZ
P.O. Box 1805
Albuquerque, NM 87103-1805
(505) 247-9488
jonlyn@jmartinezlaw.net

*Attorneys for Defendants County of Santa Fe, Sedillo, Williams, Olivares, Rios and Rojas*