IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANTONIO DEVARGAS, as the Personal
Representative of the Estate of Carmela DeVargas,
deceased, and A.D., by and through his Adoptive
Father and Next Friend Antonio DeVargas,

    Plaintiffs,

v.                                                                       Case No. 1:21-cv-00271-RB-SCY

THE BOARD OF COUNTY COMMISSIONERS
FOR SANTA FE COUNTY and PABLO SEDILLO
III, DEREK WILLIAMS, MELEQUIDES
OLIVARES, LIEUTENANT ROJAS and CAPTAIN
RIOS, in their Individual Capacities,

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT OLIVARES' MOTION TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER

After Carmela DeVargas died in custody at Santa Fe County Detention Center, her father Antonio DeVargas and her son A.D. (by and through Mr. DeVargas) sued the Board of County Commissioners for Santa Fe County as well as various employees of the detention center in their individual capacities, including medical director Melequides Olivares. In pursuit of discovery, on December 9, 2021, Plaintiffs served a subpoena to the New Mexico Medical Board seeking any complaints filed by Mr. DeVargas, all investigative materials related to those complaints, and any and all other complaints made against Melequides Olivares from January 1, 2012 through December 9, 2021. Doc. 53-1 at 3. On December 30, 2021, the New Mexico Medical Board responded in a letter indicating that its files are confidential pursuant to state statutes and that it therefore could not comply with the subpoena. Doc. 53-2. On January 4, 2022, Defendant

Olivares submitted the present Motion to Quash Subpoena and for Protective Order. Docs. 53, 54; *see also* Docs. 57, 62 (response and reply).

## DISCUSSION

As an initial matter, in his reply brief, Defendant extensively discusses the low likelihood that the medical board complaints or investigations will lead to the discovery of admissible evidence. Doc. 62 at 2-5, 7. As Plaintiffs note, Doc. 57 at 8 n.8, Defendant's initial motion does not discuss relevance at all. *See generally* Doc. 52. But Plaintiffs argue relevance in their response. *See* Doc. 57 at 9-11 ("Disclosure of this information will enable Plaintiff to obtain evidence that is relevant to his allegation that Defendant's misconduct was a cause of the death of Carmela DeVargas"; "[E]vidence in the possession of the Board regarding other complaints made against Defendant may contain information relevant to this claim as such information would reflect on what Defendant County knew or should have known . . . ."; "The information sought by Plaintiff's subpoena is also relevant to the issue of Defendant Olivares's credibility . . . ."). It is therefore fair to allow Defendant to respond to these arguments in reply. Having addressed this preliminary matter, the Court moves into analysis of Defendant's arguments.

### I. Defendant's Blanket Claim of Privilege and Failure to Produce Privilege Log

To start, Plaintiffs argue that Defendant has failed to produce a privilege log accounting for the documents he claims are shielded from discovery, which constitutes waiver of the privilege. Doc. 57 at 6-7. Federal Rule of Civil Procedure 26(b)(5)(A) states,

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
>
> (i) expressly make the claim; and

>(ii) describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Plaintiffs' argument raises the threshold question of whether a non-party's request to protect from disclosure information state law requires the non-party to withhold is tantamount to a party's assertion of privilege.[1] One of the cases Plaintiffs cite indicates that it is not. In *Sonnino v. University of Kansas Hospital Authority,* the district court considered a Kansas statute that deemed hospital peer review information privileged and, therefore, not subject to discovery. Doc. 57 at 14 (citing *Sonnino,* 229 F.R.D. 633, 644 (D. Kan. 2004)). As Plaintiffs note, the district court there concluded, "It is well settled that a concern for protecting confidentiality does not equate to privilege, and that information and documents are not shielded from discovery on the sole basis that they are confidential." Doc. 57 at 14-15 (quoting *Sonnino*, 229 F.R.D. at 642). Thus, one of the cases Plaintiffs cite in support of their argument for disclosure undermines its argument that Defendant has asserted a privilege and, therefore, should have provided a privilege log.

Moreover, as Defendant points out, he cannot prepare a privilege log related to material in the possession of a third party and to which he does not have access. Doc. 61 at 10.  And, even

---

[1] Normally, "only the party or person to whom the subpoena is directed has standing to move to quash or otherwise object to the subpoena." *S.E.C. v. Goldstone*, 301 F.R.D. 593, 646 (D.N.M. 2014) (citation omitted). However, a party may challenge a subpoena to a nonparty based on a claim of privilege or infringement upon the movant's legitimate interests. *Id.* (citation omitted). A claim of confidentiality does not automatically indicate that documents are privileged. *See Fed. Open Mkt. Comm. of Fed. Rsrv. Sys. v. Merrill*, 443 U.S. 340, 362 (1979) ("Although the Domestic Policy Directives can fairly be described as containing confidential commercial information generated in the process of awarding a contract, it does not necessarily follow that they are protected against immediate disclosure in the civil discovery process."). But because the subpoena sought documents pertaining to Defendant Olivares, if the subpoena was improper in some way, it would infringe upon Defendant Olivares' interests in the confidentiality of those documents.

if Defendant had the ability to produce a privilege log, Rule 26(b)(5)'s purpose likely would not be achieved by such production. As Rule 26(b)(5)(A) notes, a privilege log is designed to "enable other parties to assess the [privilege] claim." "Rule 26(b)(5)(A) provides a procedure for a party that has withheld information to make the claim so that the requesting party can decide whether to contest the claim and the court can resolve the dispute." Fed. R. Civ. P. 26 advisory committee's note to 2006 amendment. Here, whether the material withheld qualifies as confidential is not in dispute. Plaintiffs agree that state law deems the material they seek to be confidential. The issue for the Court is not whether confidentiality applies to certain material but, rather, whether a state confidentiality provision should be enforced as to Plaintiffs' federal discovery claim. A privilege log would not assist Plaintiffs or the Court in addressing this issue.

Finally, although "[t]he law is well-settled that failure to produce a privilege log or production of an inadequate privilege log may be deemed waiver of the privilege," *Anaya v. CBS Broad., Inc.*, 21 F.R.D. 645, 651 (D.N.M. 2007), a court may also choose not to impose the "harsh remedy" of waiver, *Tolbert v. Gallup Indian Med. Ctr.*, --- F. Supp. 3d. ---, 2021 WL 3641945, at *25 (D.N.M. 2021). Even assuming the requirement to produce a privilege log exists in the present situation, the Court finds this "harsh remedy" particularly inappropriate where, as here, the moving party is not the one withholding the disputed information under Rule 26(b)(5)(A). The New Mexico Medical Board, not Defendant Olivares himself, asserted confidentiality and declined to produce the documentation Plaintiffs requested.

Plaintiffs also argue that Defendant's blanket assertion of confidentiality is insufficient to satisfy the burden of proof. Doc. 57 at 6-7. Blanket claims of privilege are generally insufficient to prevent discovery. *See In re Foster*, 188 F.3d 1259, 1264 (10th Cir. 1999) (attorney-client privilege); *Garrity v. Governance Bd. of Cariños Charter Sch.*, No. CV-19-00095, 2020 WL

406366, at *2 (D.N.M. Jan. 24, 2020) (attorney-client privilege); *Resol. Tr. Co. v. Dabney*, 73 F.3d 262, 266 (10th Cir. 1995) (work product privilege); *Kelling v. Bridgestone/Firestone, Inc.*, 157 F.R.D. 496, 497 (D. Kan. 1994) ("Blanket claims of privilege or confidentiality are clearly insufficient to protect materials from disclosure."). Instead, the burden of proof in a motion to quash a subpoena lies with the movant. *Morales v. E.D. Etnyre & Co.*, 228 F.R.D. 694, 696 (D.N.M. 2005). Plaintiffs' argument, however, again highlights the difference between what we have here—a state law that provides blanket confidentiality protection—and the typical privilege dispute where a party asserts a privilege in some portion of otherwise discoverable material. In short, Plaintiffs' arguments that Defendant had a duty to produce a privilege log, failed to comply with that duty, and, therefore, has waived any right to object to the production of the material sought, are not well taken. The Court therefore considers Defendant's arguments on the merits.

## II.  Complaints as "Other Protected Matter" under Rule 45(d)(3)(A)(iii)

Defendant argues that Federal Rule of Civil Procedure 45(d)(3)(A)(iii) allows the court to quash a subpoena that seeks not only privileged information, but also "other protected matter." Doc. 53 at 3. Since complaints to the New Mexico Medical Board are "confidential communications and are not public records for the purposes of the Inspection of Public Records Act [Chapter 14, Article 2 NMSA 1978]", Defendant argues that these complaints qualify as "other protected matter" under Rule 45(d)(3)(A)(iii) and that the Court should quash the subpoena accordingly. Doc. 53 at 2-4 (citing NMSA 61-6-34(B)). The Court considers the avenue Defendant suggests for classifying medical board complaints as protected (the need to preserve state confidentiality laws in pendent jurisdiction cases) as well as the balancing test

Plaintiffs cite from *Denver Policemen's Protective Association v. Lichtenstein*, 660 F.2d 432, 435 (10th Cir. 1981).[2]

    A.  <u>Preserving State Confidentiality Laws in Pendent Jurisdiction Cases</u>

Defendant argues that in cases like this one, where federal claims come to the court alongside pendent state law claims, "an analytical solution must be worked out to accommodate the conflicting policies embodied in the state and federal privilege law." Doc. 62 at 6-7 (quoting *Sprague v. Thorn Americas, Inc.*, 129 F.3d 1355, 1369 (10th Cir. 1997)). He urges the Court to quash the subpoena based on respect for the views of state authorities about the importance of protecting confidentiality.

Although Defendant describes the situation as presenting "conflicting polices in the states and federal privilege law", it is not clear that the confidentiality provision described in NMSA § 61-6-34 constitutes a *privilege*. NMSA § 61-6-34(B) states:

> All written and oral communications made by any person to the board relating to actual and potential disciplinary action shall be confidential communications and are not public records for the purposes of the Inspection of Public Records Act. All data, communications and information acquired by the board relating to actual or potential disciplinary action shall not be disclosed except to the extent necessary to carry out the board's purposes or in a judicial appeal from the board's actions.

Nowhere does this statute describe its confidentiality provision as a privilege. This distinguishes the cases Defendant cites from the one at hand. *See Leon v. Cty. of San Diego*, 202 F.R.D. 631, 635 (S.D. Cal. 2001) (referring to state evidentiary privileges); *Nw. Mem'l Hosp. v. Ashcroft*, 362

---

[2] Defendant also cites a series of cases from the Eleventh Circuit and its districts in support of the proposition that state confidentiality considerations can be sufficient to quash a federal subpoena. Doc. 53 at 3-4. However, the only binding authority from this Circuit that Defendant cites is *Sprague v. Thorn Americas, Inc.*, 129 F.3d 1355, 1369 (10th Cir. 1997), which the Court discusses in section A. Although the Eleventh Circuit cases are noteworthy, the Court grounds its decision in binding precedent.

F.3d 923, 932-33 (referring to Illinois' medical-records privilege with no federal analogue); *see also Burke v. Regalado*, 935 F.3d 960, 1048 (10th Cir. 2019) (addressing discovery of a settlement agreement and stating, "[A] general concern for protecting confidentiality does not equate to privilege." (quoting *DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 684-85 (D. Kan. 2004))). Therefore, there are no conflicts between state and federal privilege law because a state interest in safeguarding confidentiality does not, on its own, establish a privilege.

Nonetheless, whether a state categorizes material it seeks to protect from disclosure as privileged or confidential, the Court recognizes and respects a state sovereign's independent interests. The Court, therefore, does not lightly order the disclosure of material deemed confidential under the laws of the state.

B. *Lichtenstein* Right to Confidentiality Test

Even in the absence of a privilege, a person's constitutional right to confidentiality in certain documents may be a reason to shield those documents from discovery. *Denver Policemen's Protective Ass'n v. Lichtenstein*, 660 F.2d 432, 435 (10th Cir. 1981). In *Lichtenstein*, the Tenth Circuit considered whether such a right of confidentiality attached to police personnel files for the officers present at the appellee's arrest. *Id.* at 434-35. The Court considered "(1) if the party asserting the right has a legitimate expectation of privacy, (2) if disclosure serves a compelling state interest, and (3) if disclosure can be made in the least intrusive manner." *Id*. One of the constitutional cases Defendant cites—*Flanagan v. Munger*, 980 F.2d 1557, 1571 (10th Cir. 1989)—relies on this test as well. Doc. 62 at 6. The Court applies this test to Plaintiffs' three requests for information.

Plaintiffs' first request is for the complaint Mr. DeVargas himself filed with the Board. Mr. DeVargas filed this complaint as the personal representative of Ms. DeVargas' estate and as

7

the adoptive father and next friend of A.D. What is Defendant's interest in keeping confidential from Plaintiffs (essentially, Mr. DeVargas) information Mr. DeVargas himself produced?

The Court does acknowledge that state law provides Defendant a legitimate expectation of privacy in any complaints against him to the New Mexico Medical Board. As he points out, NMSA § 61-6-34(B) keeps medical board complaints away from the eyes of the public and states that such information "shall not be disclosed except to the extent necessary to carry out the board's purposes or in a judicial appeal from the board's actions"—a classification that, while leaving a few defined avenues for disclosure open, gives the impression that complaints are generally private. *See Lichtenstein*, 660 F.2d at 436 ("The expectation of privacy is found in the fact that statements by officers taken in the course of investigation are made with the understanding that they are confidential and will not be used for other purposes."). Defendant asserts that the purpose of this state law is to "foster candor and objectivity in the critical evaluation of medical professionals by investigator expert witnesses." Doc. 53 at 4 (quoting the New Mexico Medical Board Practice Act, Section 61-6-34). But the purposes of NMSA § 61-6-34(B) are not furthered by shielding Plaintiffs from information contained in Mr. DeVargas' own complaint.[3] Nor do the second and third *Lichtenstein* factors (compelling state interest and ability to disclose in non-intrusive manner) militate in favor of preventing Defendant from providing Plaintiffs a copy of the complaint Mr. DeVargas filed.

The Court next skips to Plaintiffs' third request for NMMB discovery because that request is also easily resolved, although this time in Defendant's favor. Plaintiffs request "any other complaints [meaning complaints filed by anyone other than Mr. DeVargas] made against Melquiades [sic] Olivares from January 1, 2012, to December 9, 2021, and all investigative

---

[3] Mr. DeVargas represents that he no longer possesses the complaint he filed. Doc. 57 at 3 n.2.

material related to those complaints." The information Plaintiffs seek in this request goes far beyond information relevant to this lawsuit. Plaintiffs seek *all material* related to *any complaint* made against Defendant *about anything* over the course of a nine-year period. Given the existence of a state law protecting the information Plaintiffs seek from disclosure, Defendant has a legitimate expectation of privacy. On the other side of the balance, there is no compelling interest in overriding state law to provide Plaintiffs the overbroad discovery they seek. This is true regardless of whether that disclosure is made in the least intrusive manner.

      Plaintiffs' second request presents the most difficult question. Plaintiffs seek "All investigative material related to those complaints [made by Mr. DeVargas], including but not limited to any investigative materials related to those complaints." Doc. 53 at 1. Again, given state law, Defendant has a legitimate expectation of privacy. Plaintiffs, however, have a strong interest in the information sought. The statute creating the New Mexico Medical Board—the same statute establishing the confidentiality of written and oral complaints—notes that an intent of the statute is "to protect the public from the improper, unprofessional, incompetent and unlawful practice of medicine." NMSA 61-6-1(B). Inclusion of such complaints in a lawsuit seeking to remedy alleged medical harms furthers, rather than conflicts with, this noble goal. Disclosure of information related to allegations that a public employee has committed a civil rights violation also serves an important public interest. *See Tanner v. McMurray*, 405 F. Supp. 3d 1115, 1197, 1219 (D.N.M. 2019) (courts construe privileges particularly narrowly in § 1983 cases due to the fundamental importance of this area of the law and "the public has a strong interest in preserving the free flow of information relating to health care provision and standards in the context of a jail or prison's medical facility").

Here, the same state statute that provides for confidentiality also provides an exception to confidentiality for "a judicial appeal from the board's actions." NMSA 61-6-34(B). Although this case is not an appeal from a New Mexico Medical Board decision, this provision recognizes that otherwise confidential information may need to be disclosed in connection with a subsequent judicial proceeding.

These factors place weight on Plaintiffs' side of the balance and the third consideration in the *Lichenstein* balancing test, whether disclosure can be made in the least intrusive manner, tips the scale in Plaintiffs' favor. Here, personal identifiers (names, ages, addresses, and social security numbers) may be redacted as necessary, and a protective order can prevent further disclosure of this information.[4] Accordingly, regarding Plaintiffs' second request for information, the Court concludes discovery is proper as long as the parties take sufficient precautions to make such redactions.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Quash Subpoena and for Protective Order and Notice of Non-Appearance (Doc. 53) is GRANTED IN PART and DENIED IN PART. Plaintiffs shall serve this Order on the New Mexico Medical Board and within 30 days of service, the New Mexico Medical Board shall produce documents responsive to the first and second requests in the subpoena and provide them to counsel for Defendant Olivares. Counsel shall then have 14 days to make necessary redactions, mark the documents

---

[4] Indeed, the Court has entered a Stipulated Protective order which provides for designating documents a party believes to be confidential as such. Doc. 67.

confidential as needed according to the Stipulated Protective Order, and produce the redacted records to Plaintiffs' counsel.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE