

# New Mexico Medical Board

*2055 S. Pacheco Street*
*Building 400*
*Santa Fe, NM 87505*
*505-476-7220     505-476-7233 fax*

*Michelle Lujan Grisham*
Governor
May 24, 2022

*Peter Beaudette, M.D.*
Chair

VIA FACSIMILE: (505) 348-2275
VIA EMAIL: yarbroughproposedtext@nmd.uscourts.gov

The Honorable Steven C. Yarbrough
United States Magistrate Judge
United States District Court
Pete V. Domenici United States Courthouse
333 Lomas Blvd. NW
Suite 670
Albuquerque, New Mexico 87102

RE:    *Antonio DeVargas v. Board of County Commissioners for Santa Fe County*
       Case No. 1:21-cv-00271-RB-SCY

Dear Honorable Judge Yarbrough:

A settlement conference is scheduled for Wednesday, May 25, 2022.

The New Mexico Medical Board (Medical Board) received the memorandum opinion and order (Order) filed on May 12, 2022. The Order requires the Medical Board to honor the subpoena [Doc. 53-1] and disclose 1) any complaint filed by Mr. Antonio DeVargas to the Medical Board; and 2) all investigative materials related to those complaints, including but not limited to, any complaint filed by Mr. DeVargas concerning his daughter Carmela DeVargas and all investigative materials relating to those complaints. The Medical Board will disclose a copy of Mr. DeVargas's complaint to the Medical Board dated February 4, 2020. *See* [Doc. 57 3 and Order 8 n. 3 (Mr. DeVargas no longer possesses the complaint he filed with the Medical Board)]

The Medical Board did not enter an appearance and is not a named party to this suit. The Medical Board responded to the subpoena by a letter dated December 30, 2021 to Mr. Rosenstock, counsel for Mr. DeVargas. [Doc. 53-2] The Medical Board seeks to be heard and inform this Court about the difficulty in complying with the disclosure of the investigation file and offers an alternative remedy.

State Court Orders Addressing Section 61-6-34 and Limiting Discovery

Two orders have been entered in the First Judicial District, Santa Fe County, regarding the scope of discovery of Medical Board files, specifically investigation files. Interpreting NMSA 1978,

1

Section 61-6-34(B)(1994), Medical Board regulations, and the public policy of the Medical Practice Act, NMSA 1978, Section 61-6-1 (2003, amended 2021), in both cases discovery of the NMMB investigation files was denied. The two cases are:

- *Diane Garrity, as Court-Appointed Guardian ad Litem for Abraham Rider, a Minor; Christopher Rider and Yolanda Rider, Husband and Wife, individually v. Christopher Driskill, M.D.; Premier OBGYN LLC; and Lea Regional Hospital, LLC d/b/a Lea Regional Medical Center,* No. D-101-CV-2018-03115, Judge Francis J. Mathew, August 26, 2019 (Medical Board's motion to quash subpoena); and,

- *State of New Mexico ex rel. Hector Balderas, Attorney General v. Purdue Pharma, L.P., et al.,* No. D-101-CV-2017-02541, Special Master Judge James A. Hall (ret.), December 9, 2020 (Purdue Pharma's motion to compel).

A copy of each order is attached.

The Medical Board submits the Order conflicts with state law and the two state court orders interpreting Section 61-6-34. All data, communications and information acquired by the board relating to actual or potential disciplinary action are immune from disclosure. *See Sw. Cmty. Health Serv. v. Smith,* 1988-NMSC-035, ¶ 15, 107 N.M. 196 (New Mexico Legislature's decision about confidentiality requirements in statute represents a "constitutional exercise of the essential legislative function to promote the health and welfare of New Mexico's citizens."; allowing a balancing test); *Chavez v. Lovelace Sandia Health Sys., Inc.,* 2008-NMCA-104, ¶¶ 5-6, 144 N.M. 578 (following *Smith* and recognizing immunity from discovery). *Tanner v. McMurray,* 405 F.Supp.3d 1115, 1193-95; 1199-1200 (D.N.M. 2019), favorably cites *Smith* and the discussion of confidentiality and immunity from discovery.

The New Mexico Legislature enacted Section 61-6-34(B) as a mandatory rule of law. Section 61-6-34(B) provides a blanket confidentiality provision or immunity except "to the extent necessary to carry out the board's purposes or in a judicial appeal from the board's actions."

Public Policy

The Medical Board believes, without the confidentiality afforded to "all written and oral communications" and "all data, communications and information" in Section 61-6-34(B), the Medical Board's focused efforts to protect public health, safety and welfare from the improper, unprofessional, incompetent and unlawful practice of medicine in New Mexico would be adversely compromised. The immunity from disclosure in Section 61-6-34(B) is related to New Mexico's legitimate public interest in authorizing the Medical Board to regulate physicians to protect the public as stated in Section 61-6-1.

Proposed Alternative and Least Drastic Remedy

One alternative remedy to avoid any adverse consequences to the Medical Board caused by a federal order mandating disclosure of an investigation file and a conflict with two state court orders may be appropriate. The Medical Board suggests this Court inquire whether the

information sought by Mr. DeVargas may be disclosed after a consent by Dr. Olivares. If granted, the Medical Board asks this Court to conduct an in-camera review before any release to Mr. DeVargas, impose the protective order, and vacate the Order. Judge Mathew's order in *Garrity* provides insight on alternatives for discovery.

The Medical Board is willing to answer any questions, provide any information, or respond to any concerns raised by this Court or the parties. Thank you for your consideration.

Sincerely yours,

Margaret McLean
Special Counsel
New Mexico Medical Board

Enclosures – as noted

cc:  Sondra Frank
     Executive Director

     Richard Rosenstock (richard.rosenstock@gmail.com)
     Attorney for Mr. DeVargas

     Christa M. Hazlett (cmh@conklinfirm.com)
     Attorney for Dr. Olivares

FILED
1st JUDICIAL DISTRICT COURT
Santa Fe County
8/26/2019 12:08 PM
STEPHEN T. PACHECO
CLERK OF THE COURT
Tamara Snee

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

DIANE GARRITY, as Court-Appointed
Guardian ad litem for Abraham Rider, a
Minor; CHRISTOPHER RIDER and
YOLANDA RIDER, Husband and Wife,
individually,

   Plaintiffs,

v.              Case No. D-101-CV-2018-03115

CHRISTOPHER DRISKILL, M.D.;
PREMIER OBGYN, LLC; and
LEA REGIONAL HOSPITAL, LLC d/b/a
LEA REGIONAL MEDICAL CENTER,

   Defendants.

## ORDER ON NEW MEXICO MEDICAL BOARD'S MOTION TO QUASH SUBPOENA

THIS MATTER came before the Court for hearing on August 5, 2019 concerning a

Motion to Quash Subpoena, and in the alternative, Motion for Protective Order ("Motion") filed

in this action on March 29, 2019 by non-party New Mexico Medical Board ("NMMB" or the

"Board"). At the hearing, Plaintiffs were represented by The Hemphill Firm, P.C. (Linda

Hemphill, Esq.,); Defendant Christopher Driskill, M.D. was represented by Atwood, Malone,

Turner & Sabin, P.A. (Lee M. Rogers, Esq.); Defendant Lea Regional Hospital, LLC d/b/a Lea

Regional Medical Center was represented by Serpe, Jones, Andrews, Callender & Bell, PLLC

(Kelsey A. Leiper, Esq. via telephonic appearance); Premier OBGYN, LLC was represented by

Krehbiel & Barnett, P.C. (Chance Barnett, Esq.); and non-party New Mexico Medical Board

appeared through its counsel, Special Assistant Attorney General, Thomas W. Banner, Esq.

(Hays & Friedman, P.A.).

1

After carefully reviewing the filings relating to the Medical Board's Motion, having

heard the arguments of counsel, and the Court being otherwise fully advised in the premises

finds and concludes as follows:

1.     On or about March 15, 2019, Plaintiffs caused a subpoena to be served on the Medical

Board commanding that the following documents be produced:

> All documents which are in the custody or control of the New Mexico Medical
> Board and which relate in any way to the licensing or discipline of Dr.
> Christopher Driskill, including but not limited to documentation of all
> complaints, investigations, formal hearings, and licensure actions involving Dr.
> Driskill.
>
> All documents which are in the custody or control of the New Mexico Medical
> Board and which have been provided to the Board by a third party, including
> but not limited to all documentation of the evaluations and/or treatment of Dr.
> Christopher Driskill performed at or by SRI and/or Promises in California.

2.     In its Motion to Quash and at hearing, the Medical Board argued that the public policy of

the State, as articulated in the Medical Practice Act ("MPA"), requires that the Board keep all

documents in its files confidential pursuant to Section 61-6-34 (B) NMSA 1978 which states:

> All written and oral communications made by any person to the board relating
> to actual and potential disciplinary action shall be confidential communications
> and are not public records for the purposes of the Inspection of Public Records
> Act [Chapter 14, Article 2 NMSA 1978]. All data, communications and
> information acquired by the board relating to actual or potential disciplinary
> action shall not be disclosed except to the extent necessary to carry out the
> board's purposes or in a judicial appeal from the board's actions.
>
> (Emphasis added.)

The Medical Board further argued that without the confidentiality afforded to communications

pursuant to the MPA, the Board's efforts to protect the public health, safety and welfare from the

improper, unprofessional, incompetent and unlawful practice of medicine in New Mexico would

be adversely impacted.

3.     In their written response to the Motion and at hearing, Plaintiffs argued that the Board

2

failed to establish that the documents in the Board's files were confidential, privileged or otherwise protected from disclosure. Plaintiffs cited to several reported decisions, including the decision rendered in the case of Southwest Community Health Services v. Smith, 1988-NMSC-035, in support of their arguments against the Motion.

4.      This Court is of the opinion that the holding of Southwest Community Health Services v. Smith is analogous to this situation. In its decision of Smith, the Supreme Court of New Mexico determined that the legislature, exercising its constitutional authority, could enact a law that "establishes an immunity from discovery" for certain documents. Id. at ¶ 9.

5.      The records held by the Board that are the subject of Plaintiffs' subpoena fall within the scope of the confidentiality provisions of Section 61-6-34 NMSA 1978.

6.      The immunity from discovery afforded to documents held by the Medical Board by Section 61-6-34 NMSA 1978 is reasonably related to the state's legitimate public interest in having the Board regulate licensed health care providers "to protect the public from the improper, unprofessional, incompetent and unlawful practice of medicine." Section 61-6-1 NMSA 1978.

7.      This Court has difficulty seeing how the reports, documents, testimony or other statements in the Board's records would lead to discoverable information concerning the Plaintiffs' assertions of negligence against the other defendants, and therefore determines that the subpoena is a fishing-expedition.

8.      This court also finds that Plaintiffs' subpoena to the Medical Board seeks information that is available from other sources.

        Based on the foregoing, it is ORDERED that non-party New Mexico Medical Board's Motion to Quash Subpoena, and in the alternative, Motion for Protective Order which was filed

3

on March 29, 2019 is GRANTED.

IT IS FURTHER ORDERED that the subpoena issued by Plaintiffs' to the New Mexico Medical Board is hereby QUASHED.

SO ORDERED this ____ day of August 2019.

Honorable Francis J. Mathew
District Court Judge

4

Respectfully submitted by:

Thomas W. Banner, Esq.
HAYS & FRIEDMAN, P.A.
530-B Harkle Road
Santa Fe, New Mexico 87505
Tel: 505-989-1434
Email: twbanner@haysfriedmanlaw.com
Special Assistant Attorney General
for New Mexico Medical Board

Approved as to form by:

THE HEMPHILL FIRM, P.C.

By: Ms. Hemphill via email to Mr. Banner dated August 16, 2019
Linda G. Hemphill, Esq.
Leigh Messerer, Esq.
Emma D. B. Weber, Esq.
P.O. Box 33136
Santa Fe, New Mexico 87594
Tel: 505-986-8515
Attorneys for Plaintiffs

ATWOOD, MALONE, TURNER & SABIN, P.A.
By: Mr. Rogers via email to Mr. Banner dated August 19, 2019
Lee M. Rogers, Esq.
Carla Neusch Williams, Esq.
Quincy J. Perales, Esq.
Post Office Drawer 700
Roswell, NM 88202-0700
Tel: 575-622-6221
Attorneys for Defendant Christopher Driskill, M.D.

KREHBIEL & BARNETT, P.C.
By: Mr. Barnett via email to Mr. Banner dated August 19, 2019
Lorri Krehbiel, Esq.
Chance A. Barnett, Esq.
6330 Riverside Plaza Lane NW, Suite 205
Albuquerque, New Mexico 87120
Tel: 505-858-3400

5

Attorneys for Premier OBGYN, LLC

SERPE, JONES, ANDREWS, CALLENDER & BELL, PLLC
By: Ms. Leiper via email to Mr. Banner dated August 19, 2019
Randall Jones, Esq.
Kelsey A. Leiper, Esq.
America Tower
2929 Allen Parkway, Suite 1600
Houston, Texas 77019
Attorneys for Lea Regional Hospital, LLC
d/b/a Lea Regional Medical Center

6

FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
12/9/2020 5:43 PM
KATHLEEN VIGIL CLERK OF THE COURT
Breanna Aguilar

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

STATE OF NEW MEXICO, ex rel.,
HECTOR BALDERAS, ATTORNEY GENERAL,

        Plaintiff,

vs.                          No.    D-101-CV-2017-02541

PURDUE PHARMA, L.P., et al.,

        Defendants.

## SPECIAL MASTER ORDER DENYING DEFENDANTS' MOTION TO COMPEL PRODUCTION OF NEW MEXICO MEDICAL BOARD DOCUMENTS

This matter came before the Special Master for hearing on December 4, 2020. The Special Master, has reviewed the pleadings and considered the arguments of counsel. In the pleadings, Plaintiff State of New Mexico represents that it has provided or will provide certain documents responsive to the discovery requests at issue. Relying on those representations as to what will be produced by the State, the Special Master concludes that those productions will satisfy the State's discovery obligations in responding to the Requests for Production as those Requests relate to the New Mexico Medical Board ("Medical Board"); therefore, the Motion to Compel will be denied.

As set forth in Defendants' Motion to Compel, the principal focus of this Motion is a request for an order requiring the Medical Board to produce "complaint files and other documents related to actual or potential disciplinary actions against health care providers related to opioid prescriptions." *Motion to Compel, p. 1.* Defendants contend that this information is relevant to show that "other persons or entities caused or contributed to the State's alleged damages." *Id.*

In response to the Motion, the State indicates that it either has or will produce all public information related to actual disciplinary actions the Medical Board has taken against health care providers. This information includes listings of quarterly Medical Board actions against its licensees as well as other documents related to public disciplinary actions such as letters of reprimand, notices of contemplated actions and decisions of the Medical Board which may include Findings of Fact and Conclusions of Law if the matter went to a formal hearing. The State contends that any remaining documents (which would include the underlying investigative files of matters that resulted in a public action and any files relating to complaints or investigations that did not result in a public action) are confidential and immune from disclosure under law.

Under *Section 61-6-34(B) NMSA*, information collected by the Medical Board related to disciplinary actions is deemed confidential:

> All written and oral communications made by any person to the board relating to actual and potential disciplinary action shall be confidential communications and are not public records for the purposes of the Inspection of Public Records Act. All data, communications and information acquired by the board relating to actual or potential disciplinary action shall not be disclosed except to the extent necessary to carry out the board's purposes or in a judicial appeal from the board's actions.

In addition to this statutory provision, multiple regulations propounded by the Medical Board provide for confidentiality of certain Medical Board information and documents including investigatory and disciplinary materials. *See e.g., 16.10.1.9(B), 16.10.1.9(D), 16.10.1.12 NMAC.*

Defendants argue that *Section 61-6-34(B)* does not provide protection from discovery because the confidentiality set forth in the statute is limited to requests under the Inspection of Public Records Act. Such an interpretation is too narrow. While the statute does specifically reference the Inspection of Public Records Act in the first sentence, a fair reading of the statute

2

indicates that the confidentiality provided is not limited to the Public Records Act, particularly in light of the second sentence of the statute which provides broad protection from disclosure.

The determination that the information is confidential under law does not end the inquiry. In *Southwest Community Health Services v. Smith, 107 N.M. 196, 755 P.2d 40 (1988)*, the New Mexico Supreme Court established the test to be applied regarding the disclosure of confidential information in discovery:

> We further hold that, if the information is ruled to be confidential, the party seeking access must then satisfy the trial court that the information constitutes evidence which is critical to the cause of action or defense. If the trial court determines that the success or failure of a litigant's cause of action or defense would likely turn on the evidence adjudged to fall within the scope of Section 41-9-5, then the trial court shall compel production of such evidence. It is the trial judge who will be entrusted with balancing the need to ensure the confidentiality of peer review against the need of litigants to discover evidence essential to the merits of their case.

*Id. at 201.*

In the present case, Defendants have failed to establish that the confidential information is critical to their defense or that the success or failure of their defense would likely turn on the confidential information. Through the disclosure of the public information regarding disciplinary actions against health care providers, Defendants have the most credible information regarding over-proscribing of opioids by individual New Mexico practitioners. Moreover, information regarding over-proscribing of opioids would be available from other sources such as court records, public law enforcement records or public records of other administrative bodies such as the Board of Pharmacy. Finally, there is an important public interest in maintaining the confidentiality of records regarding disciplinary complaints that do not rise to the level of administrative action by the Medical Board. Protecting the interests of health care providers who have not been subject to formal

3

disciplinary action outweighs the need for disclosure in this case when the Defendants have access to information which enables them to assert their defense.

While the Motion to Compel focuses primarily on documents related to actual or potential disciplinary actions involving heath care providers, the Motion also contains reference to other documents which may be in the possession of the Medical Board. As examples of these types of documents, Defendants reference the Attorney General's 2013 summit, collaboration with the Board of Pharmacy, participation in other councils and statistics regarding "injudicious prescribing." In response, Plaintiff State of New Mexico asserts that all of these documents either have been or will be produced from other State agencies or State entities. *Plaintiff State of New Mexico's Joinder and Opposition to Defendants' Motion to Compel Production of New Mexico Medical Board Documents, p. 6-7.* It is important to note that the discovery requests at issue were directed to the Plaintiff State of New Mexico. As previously established by the Court, the Plaintiff State of New Mexico is obligated to respond to discovery requests based on information and documents available to all state agencies, departments and boards. So long as the responsive discovery is produced by the State of New Mexico, it matters not what particular agency or board provides the responsive documents. Based on the State's representation that responsive documents have been or will be provided, there is nothing for the Court to compel as to these other items.

For the reasons set forth above, the Defendants have failed to establish the right to additional disciplinary documents and information. Further, the State has indicated that it either has provided or will provide the remaining responsive discovery. The Defendants' Motion to Compel Production of New Mexico Medical Board Documents is denied.

4

Although the Motion to Compel is denied, the State is directed to complete the disclosure

of the information that it represented would be disclosed within thirty (30) days of the entry

of this Order.

Done this **9ᵗʰ** day of **Dec.** , 2020.

_Jas L. Hall_
_____
SPECIAL MASTER JUDGE JAMES A. HALL (RET.)

Copies provided to counsel of record via the Court's electronic filing system.

5