IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ANTONIO DEVARGAS, as the Personal Representative
of the Estate of Carmela DeVargas, deceased, and
A.D., by and through his Adoptive Father and
Next Friend Antonio DeVargas,**

 **Plaintiff,**

v.                    1:21-cv-00271 SCY/GJF

**THE BOARD OF COUNTY COMMISSIONERS
FOR SANTA FE COUNTY and PABLO SEDILLO
III, DEREK WILLIAMS, MELEQUIDES
OLIVARES, LIEUTENANT ROJAS and CAPTAIN
RIOS, in their Individual Capacities,**

 **Defendants.**

## ORDER APPROVING SETTLEMENT

THIS MATTER comes before the Court following the request and consent of the parties to make the final disposition in this case (Doc. 98). The parties then requested that this Court conduct a fairness hearing in order to determine the fairness of the settlement involving minor children, and the Court scheduled a hearing concerning same (Doc. 102), the Court appointed a guardian ad litem ("GAL") to investigate the settlement on behalf of the Court (Doc. 100), and the Court thoroughly reviewed the GAL's report (Doc. 104). The Court conducted a fairness hearing on September 7, 2022. Doc. 105. At this hearing, the parties were represented by their counsel of record. In addition, to these attorneys, the GAL, Feliz Rael, the Plaintiff, Antonio DeVargas, and the adoptive parents of M.T., Brenda and Randy Tanuz, were also present. The Court, having heard the arguments of counsel, having questioned Feliz Rael, and taken testimony from Antonio DeVargas, Brenda Tanuz and Randy Tanuz, states the following as it relates to the

Plaintiff's claims which include one minor beneficiary of the wrongful death estate of Carmela DeVargas, A.D., and a possible minor claimant against the Defendants, M.T.[1]

The Court reviews settlements involving minor children and incapacitated persons for fairness. *Jones v. Nuclear Pharmacy, Inc.*, 741 F.2d 322 (10th Cir. 1984). The Court makes the following findings: (1) the settlement was fairly and honestly negotiated by the parties at a lengthy settlement conference; (2) serious questions of law and facts remain in dispute, including both liability and causation which places the ultimate outcome of litigation in doubt; (3) the value of immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and (4) the parties have determined in their judgment that the settlement is fair and reasonable. Based on the arguments of counsel, the statements made by Ms. Rael and her GAL reports, as well as the testimony provided by Plaintiff, Antonio DeVargas, and the adoptive parents of M.T., Brenda and Randy Tanuz, that they believe the settlement is fair and reasonable, the Court finds that the settlement is in the best interests of the minor children, and that the distribution of the settlement proceeds as set forth in the Confidential Release in Full and Settlement Agreement and Exhibit A thereto, inclusive of the future periodic payments for the benefit of M.T., and Ms. Rael's Supplemental Report submitted by the GAL on September 14, 2022 (Doc. 106), is in the best interests of the minor children.  Therefore, the Court finds that the *Jones* factors are satisfied.

The parties and the Court agree that the settlement proceeds will be disbursed in accordance with the Confidential Release in Full and Settlement Agreement and Exhibit A,

---

[1] The parties and the Court recognize that M.T. is not a party to these proceedings but Antonio DeVargas testified that he wanted M.T. to receive settlement proceeds as she may have a viable loss of consortium claim related to the death of biological mother, Carmela DeVargas, despite her adoption by Brenda Tanuz and Randy Tanuz.

inclusive of the future periodic payments for the benefit of M.T. thereto and the Supplemental Report submitted by the GAL on September 14, 2022 (Doc. 106). With respect to the annuity for M.T. the Court orders the following:

> The structured settlement annuity set forth is in the minor's best interests and its terms are integral and inseparable elements of the Court's approval of the settlement and are essential to this Court's determination of fairness. Pursuant to the Structured Settlement Protection Act, NMSA 1978 §39-1A-4(C) and this Court's jurisdiction, this Court hereby prohibits the transfer of the structured settlement payment rights, as reflected herein, at any time, and any attempt by a third-party to access or assign said funds or payments designated for annuity investment shall be considered a violation of this Court's order.

The Court also finds that Plaintiff's counsel's fees and costs along with New Mexico gross receipts tax will be paid from the settlement proceeds as set forth in the Supplemental Report submitted by the GAL on September 14, 2022, (Doc. 106). The fee agreement with Plaintiff is fair and reasonable, and provided for a percentage of the settlement proceeds that is comparable to agreements in other civil rights cases. The costs also were reasonable, given the amount of work that had been done on the case to date. The Defendants have agreed to pay the GAL fees.

The parties will file closing documents no later than Monday, October 17, 2022, absent a written motion showing good cause for an extension.

**IT IS SO ORDERED.**

_____
THE HONORABLE STEVEN C. YARBROUGH
United States Magistrate Judge
Presiding by Consent

Approved:

*Approved via electronic mail 9/15/22*
Richard Rosenstock
Daniel Yohalem
Counsel for the Plaintiff

*Approved via telephonel 9/15/22*
Christa Hazlett
Counsel for Defendant County and Defendant Olivares

*Approved and submitted electronically*
Jonlyn Martinez
Counsel for County Defendants except for Defendant Olivares